UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Holly Schroeder and<br>Thomas P. Schroeder,<br><br>           Plaintiffs,<br><br>v.<br><br>Collectcorp Corporation<br>and John Doe,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiffs reside in this district, and Defendants transact business in this district.

## **PARTIES**

4. Plaintiff Holly Schroeder (hereinafter "Plaintiff Holly"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Thomas Schroeder (hereinafter "Plaintiff Thomas"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Collectcorp Corporation (hereinafter "Defendant Collectcorp"), is a collection agency operating from an address of 455 North Third Street, Suite 260, Phoenix, Arizona 85004-3924 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant Collectcorp as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL SUMMARY**

8. Sometime prior to September 2008, upon information and belief, Plaintiffs' incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection.

10. Upon information and belief, in October 2008 Plaintiff Holly's mother-in-law began receiving phone calls from Defendant Doe in regards to the collection of the debt.

11. Defendant Doe began a collection campaign in attempt to collect an alleged debt from Plaintiff Holly's mother-in-law, disclosing that Defendant was calling in attempt to collect a debt.

12. Upon information and belief, on October 8, 2008, Defendant Doe contacted Plaintiff Holly's mother-in-law on three separate occasions in attempt to collect the debt.

13. Upon information and belief, Defendant Doe stated he was calling in attempt to collect a debt from the Plaintiffs.

14. Plaintiff Holly's mother-in-law informed Defendant Doe that Plaintiffs do not live with her and that her grandson was sleeping. Defendant Doe stated, "I don't care if you're grandson is sleeping. I'm calling for Tom … If no action I'll turn it over to the State of Minnesota."

15. Upon information and belief, in October 2008 Defendant Doe left numerous other messages stating, "I know you know why I'm calling," "You have to cooperate or else I'll take it and there will be no going back."

16. The conduct of Defendants in contacting a third party more than once, causing the telephone to ring repeatedly, disclosing that a consumer owes a debt to a third party, using conduct the natural consequence of which is to harass, oppress, or abuse a person, stating false, deceptive, or misleading

representations or means in connection with the debt collection, and using unfair or unconscionable means to collect or attempt to collect an alleged debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692b(2), 1692b(3), 1692c, 1692d, 1692e, and 1692f amongst others.

## Respondeat Superior Liability

17. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Collectcorp who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Collectcorp.

18. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Collectcorp in collecting consumer debts.

19. By committing these acts and omissions against Plaintiffs, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Collectcorp.

20. Defendant Collectcorp is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiffs.

*Summary*

21. The above-detailed conduct by Defendants, of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and Minnesota law, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion.

22. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions, as well as suffering from unjustified and abusive intrusions upon seclusion and their right to be let alone.

23. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiffs.

## TRIAL BY JURY

24. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

6

29. Defendant Collectcorp and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiffs, namely, causing the telephone of a third party to ring repeatedly and unreasonably despite knowing that the alleged debtor did not live at the residence of the telephone number, thereby invading Plaintiffs' privacy and right to seclusion.

30. Defendant Collectcorp and its agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

31. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs.

32. The conduct of Defendant Collectcorp and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in an intrusion and invasion of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such intrusion and invasion of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

34. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

35. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

36. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

### **COUNT II.**

### **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

37. For an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff; and

38. For such other and further relief as may be just and proper.

                                        MARTINEAU, GONKO & VAVRECK, PLLC

Dated: September 15, 2009       s/ Mark L. Vavreck                          .
                                        Mark L. Vavreck, Esq.
                                        Attorney I.D.#0318619
                                        Designer's Guild Building
                                        401 North Third Street, Suite 600
                                        Minneapolis, MN 55401
                                        Telephone: (612) 659-9500
                                        Facsimile: (612) 659-9220
                                        mvavreck@mgvlawfirm.com

                                        ATTORNEY FOR PLAINTIFFS